SAMUEL F. MYERS *et al.*, Appellants, *v.* ELBERT A. TABER, Respondent.

*Supreme Court, First Department, General Term, December 2, 1889.*

1. *Election of remedies. Rescission.*—A party, who brings an action for the price of goods, with knowledge, at the time, of the falsity of the representation, cannot subsequently rescind the contract and claim a return of the goods.

2. *Same. Attachment.*—There is sufficient evidence, in an action against an assignee to recover goods obtained by fraudulent representations of the assignor, to go to the jury upon the question whether the plaintiff had brought a former action for the price with the knowledge of the fraud, when it appears that, in the affidavit of attachment, granted in the action for the price, the representations which were made were stated, and also facts which, if true, showed that the representations were false.

Appeal from a judgment entered upon verdict rendered by a jury at a trial at the circuit, and from order denying motion for a new trial.

*George C. Comstock*, for appellants.

*J. Delahunty*, for respondent.

VAN BRUNT, P. J.—This action was brought to recover certain chattels, consisting of jewelry, and damages for their detention.

The goods were sold to one Charles Van Zandt, in September, 1885.

The plaintiffs allege that at the time of the sale Van Zandt made certain fraudulent representations to the plaintiffs' agents, in order to obtain possession of the goods, and

that, relying upon these statements, the plaintiffs sold and delivered the goods. Afterwards Van Zandt assigned all his property to the defendant for the benefit of his creditors.

The defendant's answer, among other things, alleged that at the time of the commencement of this action the defendant was in the possession of the goods mentioned in the complaint, and had a right to their possession as assignee for the benefit of the creditors of Van Zandt, and that prior to the commencement of this action the plaintiffs commenced an action in this court against Van Zandt to recover for the price of said goods, in which action they procured a warrant of attachment on the same facts alleged in the complaint in this action and levied the same upon the goods in question.

The only issue which was presented to the jury was whether the plaintiffs, at the time when they commenced the action in which the attachment was issued, had knowledge of the falsity of the representations that were made, the court holding that if they had such knowledge, by bringing the attachment suit they had elected to go for the purchase price, and were barred from afterwards rescinding the contract and claiming a return of the goods.

It is claimed in support of this appeal that there is no evidence that the suit which was pleaded as a bar was upon contract to recover the value or price of the goods in question, and that there is no evidence that the action was prosecuted to judgment, or that the claim or demand of said action was secured by some provisional remedy in said action, nor is there any evidence that the plaintiffs knew, when they began their first action, of the falsity of Van Zandt's statement.

The difficulty with the claim made upon the part of the appellants is that the only question which was raised by the appellants' counsel upon the trial was as to the facts of the knowledge of the plaintiffs regarding these false representations prior to the attachment: In other words, that they did not know at the time they commenced the action for the

contract price of these goods that the representations made by the defendant were false. And this was the only issue presented to the jury. They asked to go to the jury on no other issue, and no exception whatever was taken by them to the judge's charge. The only exception taken by them was as to the refusal of the court to direct a verdict because the proof was conclusive that the plaintiffs did not know at the time of commencing the attachment action the facts as to the fraud. Therefore, the only question which was raised upon this appeal is as to whether there was sufficient evidence to go to the jury upon this point.

It appears from the evidence in this case that the representations in question were made in September, 1885; that the assignment was made on the 23rd of February, 1886 : that on the 12th of March, 1886, the plaintiffs were informed that Van Zandt had failed in February, and that his liabilities were over $2,400 and his assets only $1,000, and they learned also in March that Van Zandt had gone west. It further appeared that on the 23rd of March, 1886, one of the plaintiffs made an affidavit, stating the representations which had been made, and also facts which, if true, show that such statements were untrue. Under these circumstances, the jury had the right to infer that the plaintiffs had knowledge, at the time they commenced their attachment action, which was subsequent to the date of this affidavit, of the falsity of the representations made by Van Zandt, and that they had, with this knowledge, commenced an action for the purchase price and had obtained a levy upon property, and, therefore, had elected to proceed upon the contract. This being the position taken at the trial, the plaintiffs cannot now be heard to claim, no question in regard to what that action was commenced for, and no question as to the levy having been raised on the trial, that these facts were insufficiently proved; the infirmity of the proof, if any, having probably arisen from the fact that these issues were not contested.

The jury, therefore, having found against the plaintiffs upon the question of knowledge, the judgment and order appealed from must be affirmed, with costs.

DANIELS and BARRETT, JJ., concur.